## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ERIKS G. LUSINS and § | | |
| SHELIA D. LUSINS § | | PLAINTIFFS |
| § | | |
| v. § | | CAUSE NO. 1:06CV646 |
| § | | |
| FIRST AMERICAN REAL ESTATE § | | |
| SOLUTIONS OF TEXAS, L.P. § | | DEFENDANT |

### MEMORANDUM OPINION AND ORDER
### GRANTING DEFENDANT'S MOTION TO DISMISS

THE MATTER BEFORE THE COURT is the Motion to Dismiss [2] pursuant to FED. R. CIV. P. 12(b)(6) filed by Defendant First American Real Estate Solutions of Texas, L.P. ("First American"). The Plaintiffs have filed their response, and First American has replied. It is the Court's opinion that the Flood Disaster Protection Act of 1973, § 102, 42 U.S.C.A. § 4012a, prohibiting federally regulated lenders from making loans secured by improved realty located in flood hazard areas unless the property is covered by flood insurance, does not give rise to a state law negligence per se cause of action against a flood determination company for inaccurate special flood hazard area determinations. Thus, Plaintiffs' complaint fails to state a claim upon which relief may be granted. Accordingly, the Motion to Dismiss will be granted.

### DISCUSSION

The National Flood Insurance Act of 1968 ("NFIA") authorized the federal government to establish the National Flood Insurance Program ("NFIP"). Under this program property owners could voluntarily purchase flood insurance from the federal government because private insurers were unable to offer reasonably-priced flood insurance. In 1973, Congress amended the NFIA and enacted the Flood Disaster Protection Act (the "Act"). 42 U.S.C. § 4012a(b)(1). The Act

requires flood insurance for loans secured by improved real estate within a federally-created Special Flood Hazard Area ("SFHA").  The Act further mandates banks and similar lending institutions ("Regulated Lenders") to determine whether property is located in a SFHA and, if so, to ensure that flood insurance is obtained. 42 U.S.C. § § 4104a and 4012a(b)(1).  The Act allows Regulated Lenders to delegate to third parties the task of determining whether a particular piece of property falls within a SFHA. 42 U.S.C. § 4104b(d).

The Plaintiffs purchased a home in Gulfport, Mississippi on June 8, 2005.  In order to fulfil the statutory requirements of the NFIP, the regulated lender contracted with First American to determine if any part of the Plaintiff's property was in a SFHA and subject to mandatory flood insurance.  First American made a determination that the home was not in a SFHA.  Within a few days after closing, Plaintiffs received conflicting information about whether the home was actually located in a SFHA.  Consequently, Plaintiffs "secured the maximum amount of flood insurance available under the National Flood Insurance Program." Pl. Compl., pg. 3.  On August 29, 2005, Plaintiffs' property was severely damaged by winds and storm surge associated with Hurricane Katrina.  Despite having obtained flood insurance, Plaintiffs contend that as a result of their detrimental reliance on First American's erroneous determination that their home was not in a SFHA they "were under insured and are now saddled with extensive, if not total, damage to their home and contents.  Moreover, as a result of the FEMA elevation guidelines, [Plaintiffs] are faced with the burden of raising the home approximately five feet to comply with the base flood elevation levels." Pls.' Memo. in Opp. to Mot. to Dismiss, 17.  The Plaintiffs contend that had they been correctly advised that their new home was in a SFHA, they would not have purchased the property.  *Id*.

Plaintiffs' claim that First American: 1) negligently advised the regulated lender that the property was within a SFHA; and 2) negligently prepared the FEMA Form 81-93, Standard Flood Hazard Determination, representing that their property was not in a SFHA. *See* Pls.' Compl., 5. Plaintiffs are careful to point out that their claim is not brought pursuant to the NFIP itself. Instead, according to Plaintiffs, the federal statute simply provides the standard by which Plaintiffs' state law negligence claim can be measured. *See* Pls.' Memo. in Opp. to Mot. to Dismiss, 4.[1] However, it is significant to note that according to the compliant, First American's alleged negligence is directly related to actions undertaken pursuant to § 4012a.

Under Mississippi law, "failure to act in accordance with statutes does not in and of itself establish negligence; however, violation of the statutes will be generally found to constitute 'negligence per se.'" *State Farm Auto Ins. Co.s v. Davis*, 887 So.2d 192, 194 (Miss. App. 2004). As a threshold matter, to prevail in an state law action for negligence per se, a party must prove that he is a member of the class sought to be protected under the statute and that his injuries are of the type the statute seeks to avoid. *Gallagher Bassett Serv.s Inc. v. Jeffcoat*, 887 So.2d 777, 787 (Miss. 2004). No Mississippi court has considered whether borrowers, such as the Plaintiffs, belong to the class protected by § 4012. Accordingly, this Court is required to make an *Erie*[2] prediction as to what the Mississippi Supreme Court would most likely decide. *Barfield v. Madison County, Miss.*, 212 F.3d 269, 271-72 (5th Cir. 2000). The task is to "attempt to predict state law, not to create or modify it." *United Parcel Serv., Inc. v. Weben Indus., Inc.*, 794 F.2d

---

[1]Although not specified in Plaintiffs' complaint, the Court assumes that Plaintiffs refer to the requirements for mortgage loans by regulated lending institutions contained in 42 U.S.C. § 4012a.

[2]*Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

1005, 1008 (5th Cir. 1986).

The overwhelming majority of both federal and state courts refuse to allow either private federal or common law claims arising out of violations of § 4012a. In addition to disallowing private federal claims, some federal courts have also refused to allow common law and other state law claims by borrowers under § 4012a. Federal courts have almost uniformly held that since borrowers do not belong to the class that 42 U.S.C. § 4012a was intended to protect, there is no private cause of action by borrowers based on violations of the statute. *See Ford v. First American Flood Data Serv.s, Inc.*, 2006 WL 2921432, *3 (M.D.N.C. Oct. 11, 2006). Applying an *Erie* prediction to a negligence per se claim under Texas law, the Fifth Circuit in *Wentwood Woodside I, LP v. GMAC Commercial Mortg. Corp.*, 419 F.3d 310 (5th Cir. 2005) noted that "every single federal court to consider whether a federal private right of action arises under section 4012a has concluded that the federal treasury, not individual mortgagors like Wentwood, is the class the statute intends to protect." *Id*. at 323; *see also Till v. Unifirst Fed. Sav. & Loan Ass'n*, 653 F.2d 152, 159-61 (5th Cir. 1981) ("Congress was interested [in enacting section 4012a] in protecting the lending institutions whose deposits the federal regulatory agencies insured."); *Hofbauer v. Northwestern Nat'l Bank,* 700 F.2d 1197, 1201 (8th Cir.1983); *Arvai v. First Fed. Sav. & Loan Ass'n,* 698 F.2d 683, 684 (4th Cir.1983); *Mid-America Nat'l Bank of Chicago v. First Sav. & Loan Ass'n of South Holland,* 737 F.2d 638, 642 (7th Cir.) *cert. denied,* 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 924 (1984). The court in *Wentwood* went on to hold that "having 'guessed' that the Texas Supreme Court would not treat mortgagors as the protected class, we hold that section 4012a does not give rise to a private right of action under Texas law for negligence *per se*." *Wentwood Woodside I, LP v. GMAC Commercial Mortg. Corp.,* 419 F.3d

at 323.

In the opinion of this Court, the Mississippi Supreme Court would adopt the "unanimous conclusion of the federal judiciary" that mortgagors are not the class protected by § 4012a. *Id.* Because the Plaintiffs will be unable to prove that they are members of the class sought to be protected by the statute, § 4012a cannot be the basis for a state law claim of negligence per se. Thus, Plaintiffs' complaint fails to state a claim under Mississippi law and should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [2] pursuant to FED. R. CIV. P. 12(b)(6), filed by Defendant First American Real Estate Solutions of Texas, L.P. is **GRANTED**. Plaintiffs' claims against the Defendant are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 13th day of June, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE